JONATHAN D. GUYNN
Acting Assistant Attorney General
Civil Division
MICHELLE R. BENNETT
Assistant Branch Director
Federal Programs Branch
STEPHEN M. PEZZI (D.C. Bar 995500)
Chief Litigation Counsel
PARDIS GHEIBI (D.C. Bar No. 90004767)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| BIOTECHNOLOGY INNOVATION ORGANIZATION, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>*Defendants* | Case No. 5:26-cv-13372-PCP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR A SCHEDULING ORDER**<br><br>Judge: Hon. P. Casey Pitts<br>Courtroom 8 |

## INTRODUCTION

This case should be dismissed or, at a minimum, transferred to the United States District Court for the District of Columbia for the reasons set forth in Defendants' Motion to Dismiss. *See* Defs.' Mot. to Dismiss, or in the Alternative, Transfer, ECF No. 21 ("Defs.' Mot."). That motion presents significant threshold issues that should be resolved before this case proceeds. Namely, this case is duplicative of an earlier-filed action in the District of Columbia, which brings the same claims against the GLOBE Rule, and thus, under the first-to-file rule, this case should be dismissed without prejudice or, at a minimum, transferred to the District of Columbia. Alternatively, 28 U.S.C. § 1404(a) warrants transfer to the District of Columbia as this case could have been brought in that district, and the interests of justice favor transfer.

Although Defendants believe that their Motion to Dismiss should be granted, regardless of the Court's ultimate decision on that motion, it would still be a far more efficient use of judicial resources to decide that motion first—before either the parties or the Court expend significant resources on the merits of a dispute that could ultimately be resolved in another forum. If the Court grants Defendants' motion, no further briefing in this Court will be required; if the Court denies it, then the Court can order the parties to submit a joint scheduling proposal as to further proceedings. Plaintiffs will suffer no prejudice in the interim because the same claims against GLOBE are currently being litigated, by sophisticated counsel, on an expedited summary-judgment schedule in the District of Columbia—a challenge which, if successful, could lead to the universal vacatur of GLOBE. Accordingly, the Court should deny Plaintiffs' Administrative Motion for a Scheduling Order, *see* Pls.' Administrative Mot., ECF No. 17 ("*BIO* Proposed Schedule"), and instead adjudicate Defendants' Motion to Dismiss before scheduling any summary-judgment briefing.

## BACKGROUND

This suit is duplicative of an earlier-filed suit in the District of Columbia challenging the same regulation—namely, the Global Benchmark for Efficient Drug Pricing ("GLOBE" or "Rule"), which was issued on October 2, 2026. *See* Compl., *PhRMA v. Kennedy*, 26-cv-03498-RCL, (D.D.C. Oct. 7, 2026) ("*PhRMA v. Kennedy*"), ECF No. 1, ("*PhRMA* Compl."). Both suits assert the same claims under the Administrative Procedure Act ("APA") against the same six government defendants and on behalf of

substantially overlapping drug manufacturers. *See* Defs.' Mot. at 5-6. The main difference, however, is that *PhRMA* was filed almost a month earlier than this suit. Indeed, by the time Plaintiffs filed this suit, the *PhRMA* Court had already entered a summary-judgment schedule. Scheduling Order, *PhRMA v. Kennedy*, ECF No. 20 (D.D.C. Nov. 2, 2026) ("*PhRMA* Schedule"). Although an expedited briefing schedule was unnecessary in that suit, the government nevertheless accommodated PhRMA's request for an expedited schedule and the parties were able to jointly propose a four-brief schedule for cross-motions for summary judgment, set to conclude on January 29, 2027. The *PhRMA* Court granted the parties' joint proposal on November 2, 2026, *id.*, four days before Plaintiffs here even filed their Complaint, *see* Compl., ECF No. 1 ("*BIO* Compl.").

After Plaintiffs filed this suit, counsel for Plaintiffs reached out to counsel for the government to discuss Plaintiffs' proposal for an expedited schedule for briefing cross-motions for summary judgment. *See* Decl. Jeffrey L. Handwerker, ECF No. 17-1 ("Handwerker Decl.") ¶ 3. Following conferral, the government informed Plaintiffs that it disagreed with Plaintiffs' proposed schedule, and that it intends to move to dismiss, transfer, or stay under the first-to-file rule (or, in the alternative, for a transfer under 28 U.S.C. § 1404(a)). *Id.* ¶ 8. Counsel for the government, however, also noted that "if Plaintiffs 'would be willing to promptly consent to a transfer (or voluntary dismissal in N.D. Cal. and then refiling in D.D.C.),' Defendants 'would be willing to agree to the same schedule that [they] have agreed to in the *PhRMA* matter, which would have everything fully briefed well in advance of the April 2027 date.'" *Id.* (alterations in original). Ultimately, the parties could not reach an agreement. *Id.* ¶¶ 11, 13.

## ARGUMENT

Defendants' Motion to Dismiss, which presents the threshold question of whether this suit should be dismissed or transferred pursuant to the first-to-file rule or transferred pursuant to 28 U.S.C. § 1404(a), should be decided before summary-judgment briefing. Engaging in summary-judgment briefing while the Court weighs Defendants' motion would be inefficient; if that motion is granted, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that" will be dismissed altogether or that will "be heard by another judge." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360–61 (C.D. Cal. 1997); *cf.* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1349

(3d ed.) (early adjudication of "Rule 12(b) [motions] [is] likely to produce an overall savings in time and resources as well as avoid delay in the disposition of cases, thereby benefiting both the parties and the courts"). Indeed, one of the "primar[y]" goals of the first-to-file rule is "to alleviate the burden placed on the federal judiciary by duplicative litigation." *Wallerstein v. Dole Fresh Vegetables, Inc*., 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013). Allowing merits briefing to proceed in both suits simultaneously would lead to precisely what the first-to-file rule seeks to prevent—*i.e*., "duplicative litigation." *Id.*

Plaintiffs attempt to downplay the inefficiencies caused by their proposal by claiming that "[t]he summary-judgment briefs will be equally useful to whichever court ultimately decides the merits." *BIO* Proposed Schedule at 2. That is incorrect. The Ninth Circuit and the D.C. Circuit both agree that "in cases involving transfer of a federal claim, the transferee court is required to apply precedent" of the transferee circuit. *Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994) (agreeing with the D.C. Circuit). As such, if this case is ultimately transferred (or, dismissed and refiled in the District of Columbia), any briefing based on Ninth Circuit precedent would have been a waste of time and party resources.

Plaintiffs also argue that "[p]arallel briefing" of the government's motion and cross-motions for summary judgment will "impose[] no meaningful cost on [the government]." *See BIO* Proposed Schedule at 2. They are mistaken yet again. Under Plaintiffs' proposed schedule, the government will be forced to brief two separate summary judgment motions pursuant to two different circuit precedents on two expedited and largely overlapping briefing schedules, including over the holidays. *See id.* at 2-3. Indeed, despite having filed their suit almost a month after *PhRMA*, Plaintiffs insist on an even faster schedule. Specifically, whereas the *PhRMA* briefing is scheduled to conclude on Friday, January 29, 2027, Plaintiffs here request a briefing schedule that concludes the following Monday, February 1, 2027. *Compare PhRMA* Schedule at 2, *with BIO* Proposed Schedule at 2-3. Plaintiffs' requested schedule is thus even more expedited than the schedule in the earlier-filed *PhRMA* case. Whereas Plaintiffs' proposed schedule only provides 32 days between Plaintiffs' opening brief and the government's opening brief (December 4, 2026 to January 5, 2027), and only 13 days between Plaintiffs' reply and the government's reply (January 19, 2027 to February 1, 2027), the *PhRMA* schedule provides 36 days and 22 days, respectively. *Compare*

*BIO* Proposed Schedule at 2-3, *with PhRMA* Schedule at 1-2.

This extraordinarily expedited proposal is especially unwarranted given Plaintiffs' own litigation choices. For starters, despite their insistence that they need a decision "urgently," *BIO* Proposed Schedule at 1, Plaintiffs did not bring their claims until November 6, 2026—more than a month after GLOBE was published (October 2, 2026). And we know that the delay was not necessary for purposes of claim-development because the *same* claims were asserted by PhRMA approximately a month earlier (October 7, 2026). *See* Defs.' Mot. at 2-3.

Moreover, Plaintiffs' counsel were aware of the pending *PhRMA* suit (and its expedited briefing schedule) even before filing this suit. Indeed, one of Plaintiffs' attorneys was physically present in the courtroom for the duration of the November 2, 2026 status conference in *PhRMA* where the parties and the court discussed the parties' jointly proposed schedule. *See* Decl. Pardis Gheibi, ECF No. 21-1 ¶ 2. The court granted the parties' jointly proposed schedule later that day. *See PhRMA* Schedule. If urgency was a genuine priority, Plaintiffs could have easily brought their suit in the District of Columbia where the lead Plaintiff Biotechnology Innovation Organization ("BIO") is located. *See BIO* Compl. ¶ 17. Filing their suit in the District of Columbia would have likely led to the consolidation of the two suits, with briefing on the same (or, at least, very similar) schedules. But instead, Plaintiffs decided to bring this duplicative suit, in an entirely different jurisdiction, roughly a month later. Even so, after Plaintiffs filed this suit, the government offered Plaintiffs the same schedule as *PhRMA* if Plaintiffs consented to transfer this suit or voluntarily dismiss it and refile it in the District of Columbia—thus eliminating the inefficiencies and avoiding the practical problems set forth above. *See* Handwerker Decl. ¶ 8. Plaintiffs, however, continue to insist on litigating in this district purportedly because *one* of the three Plaintiffs, California Life Sciences Association ("CLS"), is located in San Francsico. *See BIO* Compl. ¶ 20.

Plaintiffs' own litigation choices thus confirm that their priority is the strategic choice to litigate in their preferred venue—not the urgent disposition of this matter.

Additionally, denying Plaintiffs' proposed schedule is unlikely to cause Plaintiffs prejudice. To begin with, Plaintiffs can *still* voluntarily dismiss this suit and seek relief in the District of Columbia in an attempt to benefit from a schedule similar to *PhRMA*'s—by, for instance, seeking to intervene in that

lawsuit. Besides, Plaintiffs' claims are identical to the ones in *PhRMA*, which (like this suit) was filed by sophisticated counsel. *See* Defs.' Mot. at 2-3. And in the D.C. Circuit, the "ordinary" remedy for an APA violation is universal vacatur. *See Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998); *see also* Defs.' Mot. at 9.[1] In other words, if PhRMA prevails, Plaintiffs here could receive complete relief. *Id.* Plaintiffs know this, so they preemptively respond by emphasizing that they "do not have any assurance that *PhRMA* will be decided before April 1, 2027." Handwerker Decl. ¶ 9. But they do not have any such assurance in this case, either. After all, as a result of yet another strategic-litigation judgment, Plaintiffs have not moved for any form of time-sensitive injunctive relief—and rightly so. While they express their *desire* for a ruling by March 30, 2027, they do identify any *irreparable* harm associated with "GLOBE's April 1 rebate accrual start date." *BIO* Proposed Schedule at 3. At bottom, emergency-briefing schedules are intended for emergency motions—not cross-motions for summary judgment.

Lastly, expedited and simultaneous briefing of the merits is particularly unwarranted where, as here, the government has acted diligently to raise its threshold objections at this very early stage of the litigation. Indeed, the government filed its Motion to Dismiss *fifty-three* days before the deadline.[2] At this juncture, proceeding with summary-judgment briefing before the resolution of Defendants' motion would undermine the very purpose of that motion—*i.e.*, avoiding duplicative litigation that results in a needless waste of party and judicial resources. As such, the government respectfully requests that this Court deny Plaintiffs' scheduling motion, and instead resolve Defendants' Motion to Dismiss prior to scheduling summary-judgment briefing (if at all).

## CONCLUSION

For these reasons, this Court should deny Plaintiffs' Administrative Motion for a Scheduling Order.

JONATHAN D. GUYNN

---

[1] Defendants reserve the right to oppose universal vacatur in both this suit and in *PhRMA*.

[2] Plaintiffs served the Complaint on the U.S. Attorney's Office on November 16, 2026. Under Federal Rule of Civil Procedure 12(a)(2), the government's deadline to file its Motion to Dismiss was January 15, 2027.

Acting Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Branch Director

_/s/ Pardis Gheibi_
STEPHEN M. PEZZI (D.C. Bar 995500)
Chief Litigation Counsel
PARDIS GHEIBI (D.C. Bar 90004767)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel.: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

*Counsel for Defendants*